**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 11 C 8239 |
| | Judge James B. Zagel |
| DAJUAN BOOKER. | |

**MEMORANDUM OPINION AND ORDER**

Dajuan Booker agreed to sell 500 grams of crack cocaine to a DEA cooperator. Booker arrived at the place and time for delivery. The cocaine he carried was recently cooked and warm to the touch. In his car he had a concealed firearm. He was arrested and admitted his role in the proposed controlled substance sale. He gave law enforcement officers his consent to search his apartment where 130 more grams of crack were found along with the usual materials to cook crack, in particular, a blender pitcher with cocaine residue.

He was charged with two counts of possessing with intent "to distribute a controlled substance, namely, in excess of 50 grams of mixtures containing cocaine base in the form of crack cocaine." There were two further charges; one was carrying a firearm during and in relation to a drug trafficking crime and the other was being a felon in possession of a firearm. I severed the latter charge on the grounds that, in this case, it would be fair to keep from the jury the fact that Booker was a convicted felon, a career offender, especially in a case when a jury would have the question of his possession of a firearm during deliberation.

Booker was found guilty of both drug counts. The jury could not reach agreement on the gun possession charge, perhaps, because the weapon was a little away beneath the vehicle's rear center console. The prosecution dismissed the felon in possession charge at the time of sentencing. I sentenced Booker to 300 months. As long a sentence as that is, it was still 60 months below the Guideline. Booker appealed citing the failure to suppress evidence and the use

of firearm possession as an aggravating circumstance at sentencing. The Court of Appeals affirmed, and after denial of certiorari, Booker filed this timely petition for relief under 28 U.S.C. § 2255.

The petition alleges that defense counsel rendered ineffective assistance of counsel because she conflated all "cocaine base" with "crack cocaine."

The claim is made in an unusual setting. At the time of trial there was Circuit precedent that could be interpreted to mean that the prosecution must prove that the controlled substance was crack as opposed to proving simply that the substance was cocaine base, a larger category of controlled cocaine substances of which crack is just one type. I do not think this was Circuit precedent and did not think so at the time of trial. I am quite sure that defense counsel was thinking the same way. There were, however, some who took the opinions[1] and mistook descriptions about how crack was manufactured to mean that a defendant could not be convicted if that process was not used in the case at issue here.

In 2011, the Supreme Court of the United States made it clear that the term "cocaine base" covers all forms of cocaine base whether or not it is crack. *DePierre v. United States,* 131 S.Ct. 2225 (2011).

The indictment accused Booker of possessing "a controlled substance….namely, …mixtures containing cocaine base in the form of crack cocaine." The substance charged is cocaine base and whatever form it was in, possessing it is a federal crime.[2]

---

[1] *United States v. Edwards,* 397 F.3d 570 (7th Cir. 2005) By the time of Booker's trial it was clear that a broad interpretation of *Edwards* was not good law. See also *United States v. Lake,* 500 F.3d 629, 634 (7th Cir. 2007) ("While crack is usually prepared by processing cocaine hydrochloride and sodium bicarbonate…we have never mandated that a substance must contain sodium bicarbonate in order to be crack."]

[2] Booker may be suggesting that he was entitled to rely on a reading of precedent that there had to be proof of "crack" specifically and beyond a reasonable doubt before he could be convicted. This might account for the tenor of his reply brief which seems to concede that he could not make his claims if he were tried after *DePierre* was decided. This is not so. Reliance on circuit precedent is not the same thing as relying on a statutory or formal rule change. The statute under which he was convicted is unchanged. While reliance on judicial decisions is appropriate in some specific cases, i.e. qualified immunity defenses, it is not a principle of general applications. In any event, I don't read the Supreme Court to have changed our circuit precedent (at least as it existed at the time of trial), rather it

The basic contention of Booker is that his lawyer was confused about the distinction between cocaine base and crack. This is not so.

Her cross-examination was designed to suggest that without sodium bicarbonate (baking soda had not been found in the chemical analysis) there was no proof that he delivered crack. She brought out the fact that alternative methods (i.e. ammonia, ether, paint thinner) produced a crack that was not the preferred product in the market which might suggest that Booker would not produce a non-preferred crack product that would be harder to sell for the same price. Booker was, according to the evidence, a manufacturer and wholesaler in the cocaine base business. Creating doubt about the "crackness" of the product was also her purpose when she raised, on cross, the slushy characteristic of the product Booker delivered which was not like the rock-like characteristic of crack. Defense counsel was adopting a sensible strategy of trying to lead jurors to act on the premise that "if what he delivered is not proved to be crack, then he is not guilty." It was not defense counsel's confusion about cocaine base and crack cocaine that was manifested here, it was defense counsel's reasonable effort to lead to confusion in the jury room to her client's benefit.[3]

The instruction to the jury, Booker claims now, was a constructive amendment to the indictment by informing the jury that crack can be prepared with substances other than baking soda. This fact was brought out in sworn testimony and never disputed. There was no constructive amendment, which is why defense counsel did not claim there was. Proving cocaine base or proving crack may be an element. The exact means by which cocaine base or

---

clarified the proper reading of that precedent.
   Defense counsel correctly read precedent without conflation. Booker tells us in his affidavit that his defense counsel said to him "the only thing [that] had to be proven is that it was cocaine." As I note later, I believe she asked some questions of witnesses to elicit answers that might result in some or all jurors conflating the two things and doing so for the benefit of her client.

[3] It is worth noting that defense counsel managed to prevent a guilty verdict on the firearm charge and, having heard the case, I think the mistrial on that charge required good advocacy from defense counsel.

crack is produced is not an element of the offense. The indictment itself did not allege the means by which the controlled substances were produced. A jury is not required to find any specific drug type in order to convict. *United States v. Washington,* 558 F.3d 716 (7th Cir. 2009).

Apart from the chemical analysis, the evidence that Booker produced some form of crack is strong. The physical evidence found at his home was consistent with producing crack. He admitted that he had agreed to sell a half-kilo of crack. He denies now that he said these things, and it is too late for him to start now. He had his chance to testify. At the time he had to decide whether to testify, I told him that it was his decision whether to testify, a decision that he had to make himself. He stated that he understood that it was his right. He told me that it was his choice not to testify after he had discussed his options with his attorney. He considered himself whether or not it was advisable to testify. When my questions and his answers concluded I repeated my inquiry. I asked again if it was his wish not to testify and he answered "True." Booker asks for a hearing because he wants to testify to refute the evidence against him. He had the right to do that and gave it up voluntarily. He is not entitled to a second round of trial over what he said to law enforcement. Absent his testimony there is no need for a hearing.

Ineffective assistance of counsel cannot be a ground for relief without a showing that (1) the defense counsel made mistakes that are inexcusable because they are outside "the wide range of reasonable professional" judgment and, if so, that (2) but for counsel's mistakes there would have been a reasonable probability that the result would have been different. *Gallo-Vasquez v. U.S.,* 402 F.3rd 793, 798 (7th Cir. 2005); See *Strickland v. Washington,* 466 U.S. 668 (1984).

In this case, there is nothing to justify a conclusion that counsel for the defense took any action or made any judgments that are outside "the wide range of reasonable judgment." Their defense would pass muster even if the range went from wide to narrow. There is nothing they

could have done that would have created a reasonable probability that the result would have been different. The motion to vacate, set aside or correct sentence under 28 USC 2255 is denied.

ENTER:

James B. Zagel
United States District Judge

DATE: December 26, 2012